UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00239-DC-1 |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| ANTHONY KIPP-GALATTI, | (Doc. No. 23) |
| Defendant. | |

This matter came before the court on February 20, 2025 for a hearing on Defendant's motion to dismiss the indictment. (Doc. No. 23.) Attorney Douglas Beevers appeared on behalf of Defendant. Assistant United States Attorneys William Clayman and Nchekube Onyima appeared on behalf of the Government. For the reasons explained below, Defendant's motion to dismiss the indictment will be denied.

**BACKGROUND**

On October 23, 2025, a grand jury returned an indictment charging Defendant with one count of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(g), in a foreign place, and attempting to do so, in violation of 18 U.S.C. §§ 2423(c) and (f). (Doc. No. 1 at 1–2.) Specifically, the indictment alleges that Defendant,

> a United States citizen whose last known residence in the United States is in the Eastern District of California, beginning in or about November 2019, and continuing through in or about July 26, 2020,

1

traveled in foreign commerce, from the United States to Vietnam, and resided temporarily and permanently in Vietnam, a foreign country, and did knowingly engage in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(g), and attempted to do so, with Minor 1, a person whose identity is known to the Grand Jury and is under 18 years of age, and who was at least 4 years younger than [D]efendant, all in violation of Title 18 United States Code, Sections 2423(c) and (f).

(*Id.*) On January 23, 2026, Defendant filed a motion to dismiss the indictment for "failing to allege all the elements of the alleged crime in violation of the Sixth Amendment and [Federal Rule of Criminal Procedure 7]." (Doc. No. 23 at 1.) On January 30, 2026, the Government filed an opposition to Defendant's motion. (Doc. No. 29.) On February 20, 2025, the court held a hearing on Defendant's motion to dismiss. (Doc. No. 30.) At that hearing, Defendant clarified that Defendant's motion to dismiss the indictment is for lack of specificity.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Further, Rule 12(b)(3) allows a defendant to move to dismiss an indictment for, among other reasons, "lack of specificity" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).

The Sixth Amendment to the Constitution provides those accused of a crime the right "to be informed of the nature and cause of the accusation . . . ." U.S. Const. amend. VI. To that end, Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). The indictment "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated" for each count charged. (*Id.*) Further,

an indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge.

2

*United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (citations omitted). However, the "Government need not allege its theory of the case or supporting evidence, but only the 'essential facts necessary to apprise a defendant of the crime charged.'" *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) (citation omitted).

The Ninth Circuit has held that "an indictment setting forth the elements of the offense is generally sufficient" to survive a motion to dismiss. *United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005) (citation omitted); *see also United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995), *as amended* (Apr. 19, 1995) ("[t]he use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished") (citation omitted). The Supreme Court has stated that "it is generally sufficient that an indictment set forth the offense in words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offen[s]e to be punished.'" *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citation omitted)).

Dismissal of an indictment is a "drastic step," and is generally disfavored as a remedy. *United States v. Rogers*, 751 F.2d 1074, 1076 (9th Cir. 1985). A district court is bound by the four corners of the indictment when ruling on a pretrial motion to dismiss the indictment. *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (citing *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)). When determining whether a "cognizable offense" has been stated in an indictment, the court must accept the truth of the allegations in the indictment. *Id.*

### ANALYSIS

In his motion to dismiss, Defendant argues that the indictment fails to allege all the elements of the charged crime as is required under Federal Rule of Criminal Procedure 7. (Doc. No. 23.) The court is not persuaded by Defendant's argument, however, because the indictment clearly tracks the language of 18 U.S.C. § 2423(c) and (f)—the statute under which Defendant is charged—and is therefore sufficient to survive a motion to dismiss. See *Fernandez*, 388 F.3d at

3

1219; *Mancuso*, 718 F.3d at 790. Specifically, section 2423(c), states that:

> Any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(c). Section 2423(f) states in relevant part that "[w]hoever attempts or conspires to violate subsection . . . (c) . . . shall be punishable in the same manner as a completed violation of that subsection." 18 U.S.C. § 2423(f). Thus, the essential elements of § 2423(c) are that the defendant: (1) is a U.S. citizen or noncitizen admitted for permanent residence; (2) traveled in foreign commerce or resided, either temporarily or permanently, in a foreign country; and (3) engaged in illicit sexual conduct while traveling in foreign commerce or residing in a foreign country. *See* 18 U.S.C. § 2423(c); *see also* 9th Cir. Model Crim. Jury Instr. 20.31 (2022). Tracking these elements, the indictment alleges that Defendant,

> a United States citizen whose last known residence in the United States is in the Eastern District of California, beginning in or about November 2019, and continuing through in or about July 26, 2020, traveled in foreign commerce, from the United States to Vietnam, and resided temporarily and permanently in Vietnam, a foreign country, and did knowingly engage in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(g), and attempted to do so, with Minor 1, a person whose identity is known to the Grand Jury and is under 18 years of age, and who was at least 4 years younger than [D]efendant, all in violation of Title 18 United States Code, Sections 2423(c) and (f).

(Doc. No. 1 at 1–2.) The court finds that the indictment here sufficiently alleges the first two elements of Section 2423(c) and (f)—that Defendant is a U.S. citizen and that he traveled in foreign commerce to Vietnam from the United States between November 2019 and July 26, 2020. (*See id.*); *see also Mancuso*, 718 F.3d at 790.

Defendant, however, primarily takes issue with the third element and specifically the indictment's use of the term "illicit sexual conduct." (Doc. No. 23 at 1–2.) Defendant argues that the indictment fails to allege with specificity the elements of the charged crime because Defendant is alleged to have committed "illicit sexual conduct" as defined in 18 U.S.C. § 2423(g), which itself incorporates "seven different crimes which have different jury instructions

4

and different elements." (*Id.* at 2–3.)

Indeed, section 2423(g) defines "illicit sexual conduct" in three ways. First, that term includes "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2423(g). In turn, chapter 109A makes illegal various forms of sexual abuse including but not limited to: aggravated sexual abuse (18 U.S.C. § 2241); sexual abuse (18 U.S.C § 2242); and sexual abuse of a minor, a ward, or an individual in Federal custody (18 U.S.C. § 2243). 18 U.S.C. §§ 2241–2248. Second, the term "illicit sexual conduct" includes "any commercial sex act (as defined in section 1591) with a person under 18 years of age." 18 U.S.C. 2423(g). Section 1591 in turn defines "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). Third, the term "illicit sexual conduct" includes the "production of child pornography (as defined in section 2256(8))." 18 U.S.C. 2423(g). To paraphrase, "child pornography" is statutorily defined as any visual depiction of sexually explicit conduct that involves the use of a minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8).

The statutory definition of "illicit sexual conduct" provides for a range of alternative means of committing a single offense under section 2423(c), rather than creating separate offenses. Contrary to Defendant's assertions, "[w]hen a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." *United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009) (citation omitted); *see also* Fed. R. Crim. P. 7(c)(1) ("A count may allege . . . that the defendant committed [the offense] by one or more specified means."). Further, there is no requirement that an indictment specify the specific alternative means of satisfying an essential element of the crime charged. *United States v. Libbert*, No. 14-cr-00083-CJC, 2015 WL 3466313, at *2 (C.D. Cal. June 1, 2015) (citing *Schad v. Arizona*, 501 U.S. 624, 631 (1991) ("We have never suggested that . . . indictments were required to specify one [single means of commission] alone."). The Government, as they have done so here, must include in the indictment only the "essential facts necessary to apprise a defendant of the crime charged" but

need not inform a defendant of "the theories or evidence upon which the government will rely to prove those facts." *Mancuso*, 718 F.3d at 790 (quoting *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993)). Therefore, the court finds that the indictment sufficiently alleges that Defendant violated sections 2423(c) and (f).

Accordingly, Defendant's motion to dismiss the indictment will be denied. *See United States v. Flath*, No. 2:11-cr-00069-WCG-1, 2011 WL 6299082, at *3 (E.D. Wis. Sept. 14, 2011), *report and recommendation adopted*, 845 F. Supp. 2d 951 (E.D. Wis. 2012) (denying defendant's motion to dismiss a single count indictment charging conduct in violation of 18 U.S.C. § 2423(c) because the statutory definitions of "illicit sexual conduct" do not create separate offenses, but rather merely define alternative ways that the offense in section 2423(c) may be committed); *cf. United States v. Peel*, No. 2:14-cr-00106-GEB, 2014 WL 3057523, at *3 (E.D. Cal. July 7, 2014) (granting defendant's motion to dismiss the indictment where the indictment did not allege the underlying criminal sexual activity defendant engaged in, and where the phrase "sexual activity" was not otherwise defined by the statute).

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss the indictment (Doc. No. 23) is DENIED.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

_____
Dena Coggins
United States District Judge

6