UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY KIPP-GALATTI,

Defendant.

No. 2:25-cr-00239-DC-1

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

(Doc. No. 42)

This matter came before the court on July 29, 2026, for a hearing on Defendant Anthony Kipp-Galatti's motion to dismiss the indictment. (Doc. No. 42.) Attorney Douglas Beevers appeared on behalf of Defendant. Assistant United States Attorneys William Clayman and Nchekube Onyima appeared on behalf of the Government. For the reasons explained below, the court will deny Defendant's motion to dismiss the indictment.

**BACKGROUND**

On October 23, 2025, a grand jury returned an indictment charging Defendant with one count of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(g), in a foreign place, and attempting to do so, in violation of 18 U.S.C. §§ 2423(c) and (f). (Doc. No. 1 at 1–2.) Specifically, the indictment alleges that Defendant,

> a United States citizen whose last known residence in the United

> States is in the Eastern District of California, beginning in or about November 2019, and continuing through in or about July 26, 2020, traveled in foreign commerce, from the United States to Vietnam, and resided temporarily and permanently in Vietnam, a foreign country, and did knowingly engage in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(g), and attempted to do so, with Minor 1, a person whose identity is known to the Grand Jury and is under 18 years of age, and who was at least 4 years younger than [D]efendant, all in violation of Title 18 United States Code, Sections 2423(c) and (f).

(*Id.*)

On April 16, 2026, Defendant filed a motion to dismiss the indictment because the indictment "alleges criminal conduct which is outside the power of Congress to regulate under the U.S. Constitution." (Doc. No. 42 at 1.) On April 23, 2026, the Government filed an opposition to Defendant's motion. (Doc. No. 45.) On July 28, 2026, Defendant filed a late reply thereto. (Doc. No. 52.)

On June 16, 2026, pursuant to the parties' stipulation (Doc. No. 49), the court vacated the hearing on Defendant's motion set for June 24, 2026, and reset it for July 29, 2026. (Doc. No. 50.) On July 21, 2026, the Government filed a notice of supplemental authority in support of the Government's opposition to Defendant's motion to dismiss. (Doc. No. 51.) On July 29, 2026, the court held a hearing on Defendant's motion to dismiss, and the court took the motion under submission. (Doc. No. 54.)

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion to dismiss is generally 'capable of determination' before trial if it involves questions of law rather than fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (citation omitted).

When seeking dismissal of an indictment on constitutional grounds, a defendant may raise a facial or as-applied challenge to the statute's constitutionality. A facial challenge to a statute is more difficult to prove that an as-applied challenge, as the moving party "must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*,

481 U.S. 739, 745 (1987). An as-applied challenge "'focuses on the statute's application'" to the moving party, and "requires the court to only assess the circumstances of the case at hand." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203 (9th Cir. 2022) (citation omitted).

**ANALYSIS**

In his motion, Defendant did not specify whether he was raising an as-applied or facial challenge to the statute. The Government raised this issue in its opposition, and Defendant stated in his late reply that he is making a "facial challenge to the broad indictment based on the as-applied contested fact that [Defendant] was domiciled in Vietnam." (Doc. No. 52 at 1.) Defendant in his motion, however, does not make any arguments regarding how the statute infringes upon his "constitutional freedoms in the circumstances of [his] particular case," as is required in making an as-applied challenge. *United States v. Martinez*, 169 F.4th 1147, 1157 (9th Cir. 2026) (citation omitted). Instead, Defendant argues generally that Congress does not have the power to regulate non-commercial criminal sexual conduct as defined by 18 U.S.C. § 2423(g)(1). (Doc. No. 42 at 1–2.) Accordingly, the court will construe Defendant's motion as a facial challenge to the statute.

Defendant is charged with one count of engaging in and attempting to engage in illicit sexual conduct in foreign places in violation of 18 U.S.C. §§ 2423(c) and (f). (Doc. No. 1.) Pursuant to 18 U.S.C. § 2423(c),

> [a]ny United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(c). Attempting to engage in illicit sexual conduct in foreign places is "punishable in the same manner" as a violation of 18 U.S.C. § 2423(c). 18 U.S.C. § 2423(f). The term "illicit sexual conduct" is defined under this section as

> (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States;
>
> (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age; or

(3) production of child pornography (as defined in section 2256(8)).

18 U.S.C. § 2423(g). "[C]hapter 109A" refers to crimes of "Sexual Abuse" as defined by 18 U.S.C. §§ 2241–2248. 18 U.S.C. § §§ 2241–2248. Accordingly, section 2423(c) criminalizes "non-commercial sexual activity between a United States citizen of [Defendant's] age and a minor . . . if the citizen also traveled in foreign commerce." *United States v. Lindsay*, 931 F.3d 852, 860 (9th Cir. 2019).

Defendant argues that Congress does not have the power to regulate the conduct charged in the indictment under sections 2423(c) and (f). (Doc. No. 42 at 1.) Defendant argues that the criminalization of non-commercial sex acts with minors, as defined by section 2423(g)(1), in foreign nations exceeds Congress's authority to regulate foreign commerce. (*Id.*)

The Commerce Clause provides that "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. Relevant here is "Commerce with foreign Nations," which is commonly referred to as the Foreign Commerce Clause. *Lindsay*, 931 F.3d at 852. Defendant argues that section 2423(g)(1), which incorporates non-commercial sexual acts as defined by 18 U.S.C. §§ 2241–2248, is unconstitutional because non-commercial sexual acts fall outside Congress's power to regulate foreign commerce under the Foreign Commerce Clause. (Doc. No. 42 at 1–3.)

Despite Defendant's argument, the Ninth Circuit has already squarely addressed this issue in *Lindsay*, 931 F.3d 852.[1] In *Lindsay*, the Ninth Circuit first looked to its previous decision in *United States v. Clark*, 435 F.3d 1100 (9th Cir. 2006) for guidance. In *Clark*, the Ninth Circuit addressed whether section 2423(c) was constitutional as applied to commercial sex acts. 435 F.3d at 1103. The Ninth Circuit considered Congress's powers under the Foreign Commerce Clause and recognized that the Supreme Court "has been unwavering in reading Congress's power over

---

[1] *Lindsay* involved a previous version of section 2423 that did not include the production of child pornography under the definition of "illicit sexual conduct" under 18 U.S.C. § 2423(g). However, at the time *Lindsay* was decided, the definition of "illicit sexual conduct" included the same language that is included in 18 U.S.C. § 2423(g)(1), which is the section at issue in this case. *See* 931 F.3d at 860. Accordingly, the court finds that *Lindsay* directly applies to the issues raised by Defendant in this case.

foreign commerce broadly." *Id.* at 1113. The Ninth Circuit then reviewed section 2423(c) under the rational basis standard due to the court's broad understanding of the Foreign Commerce Clause and asked whether section 2423(c) was rationally related to Congress's power under the Foreign Commerce Clause. *Id.* at 1114. The Ninth Circuit determined that a U.S. citizen's travel and commercial sex act abroad "fairly relate[] to foreign commerce," and thus "implicate[] foreign commerce to a constitutionally adequate degree." *Id.* Accordingly, *Clark* forecloses Defendant's argument to the extent that he argues section 2423(c) is unconstitutional as applied to charged commercial sex acts—though it is not entirely clear to the court whether he is advancing this argument. (*See* Doc. No. 42 at 2.)

Based on its approach in *Clark,* the Ninth Circuit then applied the same rational basis review in *Lindsay* to determine whether the elements of section 2423(c), specifically non-commercial sex acts, "fairly relate[] to foreign commerce." 931 F.3d at 862. The Ninth Circuit highlighted two key reasons in holding that "non-commercial sex with a minor abroad fairly relates to foreign commerce, and that Congress accordingly acted within its constitutional bounds when it enacted the non-commercial part of 2423(c)." *Id.* at 862. First, the Ninth Circuit opined that "the non-commercial part [is] an essential component of Congress's overall scheme to combat commercial sex tourism by Americans abroad," because "non-commercial conduct can fuel commercial demand." *Id.* at 862–63 (citation omitted). As a result, Congress could have rationally determined that "non-commercial illicit sexual conduct abroad relates to commercial illicit sexual conduct abroad." *Id.* at 863 (citation omitted). Second, the Ninth Circuit observed that "Congress could have rationally concluded that the American appetite for sex with minors abroad substantially affects other aspects of foreign commerce because sex with minors is generally illegal in the United States." *Id.* These two primary reasons led the Ninth Circuit to conclude that section 2423 fairly relates to foreign commerce even when predicated on non-commercial sexual conduct. *Id.*

Though the defendant in *Lindsay* was only charged with traveling abroad in foreign commerce, rather than traveling in foreign commerce or residing, either temporarily or permanently, in a foreign country, as the Defendant is in this case, the court still finds the Ninth

Circuit's broad opinion in *Lindsay* persuasive, if not binding. Indeed, at the hearing on Defendant's motion to dismiss, Defendant conceded that *Lindsay* is binding authority on the "traveling" prong and persuasive authority on the "residence" prong. Thus, the argument raised by Defendant as to non-commercial sexual conduct is foreclosed by the Ninth Circuit's decision in *Lindsay*.

Defendant also argues in his motion that section 2423 "violates the due process clause" and is "clearly a risk to the Sixth Amendment" because it criminalizes acts committed outside of the United States. (Doc. No. 42 at 3.) At the hearing on Defendant's motion to dismiss, however, Defendant withdrew this argument. Accordingly, the court will deny Defendant's motion to dismiss the indictment.

**CONCLUSION**

For the reasons explained above, Defendant's motion to dismiss the indictment (Doc. No. 42) is DENIED.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Dena Coggins
United States District Judge